UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>JESUS MACHIN,<br><br>　　　　　　　　　　Defendant. | Case No.: 17cr2347-CAB; 19cv2190-CAB<br><br>**ORDER ON MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE**<br>**[Doc. No. 56, Doc. No. 1]** |

On April 19, 2019, the petitioner Jesus Machin was sentenced to 120 months of custody, a mandatory minimum sentence, for a violation of 21 U.S.C. §§ 952, 960, after pleading guilty to the importation of 18.56 kilograms of methamphetamine in Case No. 17cr2347-CAB. [See 17cr2347, Doc. Nos. 22, 55, 61-1.] It is undisputed that the petitioner had a prior 2005 felony conviction for importation of methamphetamine for which he received a 57-month sentence. [See 05cr1331-J, Doc. No. 20.] The petitioner's prior conviction scored 3 points under the sentencing guidelines, making him ineligible for "safety valve" relief from the statutory mandatory minimum applicable to his sentence in 17cr2347. *See* 21 U.S.C ¶ 960(b)((1)(H) (person importing more than 500 grams of methamphetamine shall be sentenced to a term of imprisonment of not less than 10 years); 18 U.S.C. § 3552(f)(1)(B) (court may impose a sentence without regard to the statutory minimum if the court finds at sentencing that the defendant does not have a prior 3-point

1

offense). The joint sentencing recommendation of the government, probation and the petitioner's counsel was the statutory mandatory minimum sentence of 120 months which the Court imposed. [See 17cr2347, Doc. Nos. 27, 31, 59.]

Petitioner now seeks to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 based on his claim of ineffective assistance of counsel.[1] [See 19cv2190, Doc. No 1; 17cr2347, Doc. No. 56.] The government filed an opposition to the motion. [17cr2347, Doc. No. 61.] Petitioner did not file a traverse. The Court finds the motion suitable for determination on the papers submitted and without oral argument in accordance with Civil Local Rule 7.1(d)(1).

To succeed on a § 2255 motion alleging ineffective assistance of counsel petitioner must demonstrate that his counsel's performance fell below an objective standard of reasonableness guaranteed by the Constitution such that the outcome of the adjudication would likely have been different. *See Strickland v. Washington,* 466 U.S. 668, 688, 691-92 (1984) (the defendant must show that counsel's representation fell below an objective standard of reasonableness and that the defendant was prejudiced with reasonable probability due to counsel's errors.)

Petitioner contends that his counsel's assistance was ineffective because his counsel failed to argue that petitioner did qualify for safety valve relief from a mandatory minimum sentence under the First Step Act (FSA) as set forth in 18 U.S.C. § 3552(f). Petitioner argues that he was in fact eligible under § 3552(f), because the statutory language dictates that a defendant meet all the disqualifying criteria set forth in § 3552(f)(1)(A)-(C) to be ineligible for safety valve and he did not.

The Court denies the petitioner's motion. The petitioner's proffered interpretation of § 3552(f) is not supported by the overall statutory language, as it would render a provision of the statute meaningless, and is contrary to the legislative history of the FSA.

---

[1] Pursuant to his plea agreement the petitioner waived appeal except on the grounds of ineffective assistance of counsel. [17cr2347, Doc. No. 22, at 11.]

Counsel's decision not to advocate petitioner's interpretation and advance an argument for safety valve eligibility under the FSA did not fall below an objective standard of reasonableness.

On December 21, 2018, the FSA was signed into law. First Step Act of 2018, § 402, P.L. 115-391, December 21, 2018, 132 Stat 5194. Section 402 of the FSA expands the availability of the judicial safety valve that can be used by sentencing judges to impose sentences below any statutory minimum sentences. Prior to the FSA, safety valve was only available in situations in which the defendant did not have more than 1 criminal history point, as determined by the sentencing guidelines. The FSA amended 18 U.S.C. § 3552(f) allowing a court to impose a sentence without regard to any statutory minimum sentence, if the court finds at sentencing that

(1) The defendant does not have –

(A) more than 4 criminal history points, excluding any criminal history points resulting from a 1-point offense, as determined under the sentencing guidelines;

(B) a prior 3-point offense, as determined under the sentencing guidelines; and

(C) a prior 2-point violent offense, as determined under the sentencing guidelines.

18 U.S.C. § 3552(f)(1)(A)-(C).

Because the statute enumerates the disqualifying criteria with the word "and" the defendant argues the plain meaning of the statute requires a defendant have all three disqualifying criteria to be deemed ineligible for safety valve. In the petitioner's case, although he had a prior 3-point offense, he did not have more than 4 criminal history points or a prior 2-point violent offense. A qualifying "violent offense" for purposes of § 3552(f)(1)(C) means a crime of violence, as defined in 18 U.S.C. § 16, that results in a sentence of at least 60 days but not longer than 13 months. See U.S.S.G. §4A1.1(a)-(b).

Although statutory phrases separated by the word "and" are usually interpreted in the conjunctive, *see e.g.* Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts 116 (2012) ("under the conjunctive/disjunctive canon, and combines items while or creates alternatives"), a statute must be interpreted in its entirety

giving effect to each provision. *See Boise Cascade Corp v. U.S. E.P.A*, 942 F.2d 1427, 1432 (9th Cir. 1991) ("we must interpret statutes as a whole, giving effect to each word and making every effort not to interpret a provision in a manner that renders other provisions of the same statue inconsistent, meaningless or superfluous").

Interpreting the statute as advocated by the petitioner renders section (A) superfluous. If disqualification from safety valve requires a defendant have both a prior 3-point offense and a prior 2-point offense, the defendant would necessarily have more than 4 criminal history points, rendering provision (A) of § 3552(f)(1) unnecessary. Petitioner's interpretation that the "and" in section (f)(1) requires a defendant have all three criteria eliminates the need for provision (A) from the statute. That is not a logical, coherent reading of the statute as a whole. Interpreting "and" in the disjunctive gives effect to all the provisions of the statute and results in a logical, coherent interpretation. *See OfficeMax, Inc. v. United States*, 428 F.3d 583, 589 (6th Cir. 2005) (courts have interpreted and disjunctively to avoid an incoherent reading of a statute).

Further a statute is to be construed to give effect to the legislative will. *See United States v. Scrimgeour*, 636 F.2d 1019, 1022-23 (5th Cir. 1981). "We must … interpret the relevant words not in a vacuum, but with reference to the statutory context, 'structure, history and purpose.'" *Abramski v. U.S*., 134 S. Ct. 2259, 2267 (2014) (*citing Maracich v. Spears*, 133 S. Ct. 2191, 2209 (2013).) Words should be interpreted as taking their ordinary meaning, however it is the duty of a court to give effect to the intent of the legislature. Applying the plain meaning of the word on the face of the statute should not be variance with the policy of the legislation as a whole. The word "and" is accepted for its conjunctive connotation rather than as a word interchangeable with "or" except where strict grammatical construction will frustrate clear legislative intent. *See Bruce v. First Fed. Sav. & Loan Ass'n of Conroe*, 837 F.2d 712, 714-15, fn. 2 (5th Cir. 1988) (citing numerous instances when "and" was construed as "or" and "or" as "and" to comport with legislative intent).

The FSA was intended as a modest expansion of safety valve eligibility. *See, e.g.,* 164 Cong. Rec. S7745-01 (Senator Leahy describing the bill as a "compromise" with a "modest expansion of the safety valve"; 164 Cong. Rec. S7648-01 (Senator Grassley describing the safety valve expansion to cover "low-level, nonviolent offenders). The Judiciary Committee's summary of the FSA explicitly states that safety valve eligibility will be extended to "offenders with up to four criminal history points … however, offenders with prior '3 point' felony convictions … or prior '2 point" violent offenses will not be eligible." Committee on the Judiciary, The Revised First Step Act of 2018 (S.3649).[2]

Interpreting the statutory language as advocated by the petitioner would make every defendant who did not have a prior conviction for a violent offense that resulted in a sentence of not less than 60 days but not more than 13 months eligible for safety valve. An offender who received a sentence of multiple years for a violent felony, or an offender with multiple 3-point prior felonies for drug trafficking, would be safety valve eligible providing that defendant did not have the requisite 2-point prior. The intent of the legislation to provide a modest extension of relief from mandatory minimum sentences to violators with more than one criminal history point but not with serious, or violent criminal histories would be clearly frustrated by petitioner's interpretation.

The Court construes the "and" in 18 U.S.C. § 3552(f)(1)(A)-(C), in the disjunctive to give meaning to all the provisions of the statute and give effect to the legislative intent. The defendant's prior 3-point felony conviction made him ineligible for safety value relief.

Alternatively, the petitioner argues that the statutory language is at least ambiguous, and the rule of lenity requires that the ambiguity be resolved in his favor. "The rule of lenity only applies if, after considering text, structure, history and purpose, there remains a grievous ambiguity or uncertainty in the statute such that the Court must simply guess as to what Congress intended." *Maracich*, 133 S. Ct. at 2209, (*citing Barber v. Thomas*, 130

---

[2] Available at: https://www.judiciary.sentate.gov/imo/media/deroc/S.%203649%20-%First%20Step%20Act%20Summary.pdf.

S. Ct. 2499, 2508-09 (2010).) Only where the language of the statute is uncertain "after looking to the particular statutory language, … the design of the statute as a whole and to its object and policy does the rule of lenity serve to give further guidance." *Id.* Any ambiguity in 18 U.S.C. § 3552(f)(1)(A)-(C), is resolved by consideration of the entirety of the statute, its purpose and history. A court's ability to interpret and apply the new FSA safety valve criteria as Congress intended is not so "grievously uncertain" such that the rule of lenity applies in this case.

The decision of petitioner's attorney not to argue for safety valve under the FSA or lenity did not fall below an objective standard of reasonableness. The defendant's motion to set aside his conviction due to ineffective assistance of counsel is denied.

**IT IS SO ORDERED.**

Dated: February 27, 2020

_____
Hon. Cathy Ann Bencivengo
United States District Judge